**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ALVIN DEAN BRUTON,

    Plaintiff,

    v.                                                              No. CIV 11-0330 WJ/KBM

UNITED STATES OF AMERICA,
STATE OF NEW MEXICO,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff was incarcerated at the Socorro County, New Mexico, Detention Center ("S.C.D.C.") when he filed his complaint. In addition to the original complaint, Plaintiff has filed several motions (Docs. 8, 9, 21) that assert amended or supplemental claims. The Court construes the claims in these motions, alternatively and together with the original complaint (Doc. 1), as the "complaint." Plaintiff appears pro se and has moved for leave to proceed in forma pauperis ("IFP"). The record indicates that Plaintiff is not currently in custody, and the Court will grant Plaintiff leave to proceed IFP. Also before the Court are several other pending motions (Docs. 7, 15, 19, 20). For the reasons below, the Court will dismiss certain of Plaintiff's claims.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The original complaint alleges that the Albuquerque Veterans Administration Hospital admitted Plaintiff and administered medical treatment that caused him to have seizures. As a result, Plaintiff was found incompetent in state court proceedings. He also alleges that the State of New Mexico used fraudulent evidence against him in those proceedings. Attached to the complaint is a letter from the Department of Veterans Affairs notifying Plaintiff of the denial of his administrative tort claim and of his right to sue. For relief, the complaint asks for the same (unspecified) relief that he sought in his administrative tort claim, as well as "removal of all prior DWI's and reinstatement of Drivers Lic. and . . . damages."

Plaintiff's first amended pleading (motion to add party, Doc. 8), *see* Fed. R. Civ. P. 15(a)(1), adds the New Mexico Behavioral Health Institute, a state mental health facility, as a party. This pleading appears to assert that Plaintiff's confinement at the facility was unlawful. After Plaintiff was returned to S.C.D.C., he filed a supplemental claim (motion to add claim, Doc. 9) alleging that his mail and personal property were being mishandled. In a second motion to amend (Doc. 21), Plaintiff alleges that his 1988 military discharge was involuntary and asks for a declaration that the discharge was unlawful.

Other than Plaintiff's apparent tort claim against the United States, no relief is available on his allegations. First, Plaintiff may not bring his civil rights claims against the State of New Mexico or its hospital. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law. . . . The Supreme Court held in *Will*[ *v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989),] that 'neither a State nor its officials acting in their official capacities are "persons" under § 1983.' " *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (citations omitted). "In these circumstances, the barrier is not Eleventh Amendment immunity --'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)). Likewise, a state detention facility is not a "person" for purposes of § 1983. *See Buchanan v. State of Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010). The Court will dismiss Plaintiff's claims against Defendants State of New Mexico and New Mexico Behavioral Health Institute.

Plaintiff also asserts that he was unlawfully discharged from the military in 1988 (Doc. 21). This claim has already been dismissed twice, once by the Court of Federal Claims, *see Bruton v. United States*, 34 Fed. Cl. 347, 354 (1995), and later by this Court, *see Bruton v. Secretary of the United States Army*, No. CV 00-0528 MV/LCS (D.N.M. Sept. 29, 2000). Plaintiff's claim for unlawful discharge is thus barred by the doctrine of res judicata, *see Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999), and the Court will dismiss the claim with prejudice.

In light of the dismissal of Plaintiff's claims against Defendant State of New Mexico, his motions for hearing on the issue of competency (Doc. 7), for reconsideration (Doc. 15), and for fax confirmation (Doc. 19) will be denied. His motion for copies of federal questions and issues in prior cases (Doc. 20) will be denied for failure to present an intelligible request for relief.

IT IS THEREFORE ORDERED as follows:

- Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED;

- Plaintiff's first motion to amend (Doc. 8) is DENIED as moot, his other motions to amend or supplement the complaint (Docs. 9, 21) are DENIED, the claims asserted in these motions (Docs. 8, 9, 21) are DISMISSED with prejudice, and Defendants State of New Mexico and New Mexico Behavioral Health Institute are DISMISSED as parties to this action;

- Plaintiff's motions for hearing on the issue of competency (Doc. 7), for reconsideration (Doc. 15), for fax confirmation (Doc. 19), and for copies of federal questions and issues in prior cases (Doc. 20) are DENIED; and

- summons shall be issued with a copy complaint (Doc. 1) for service on Defendant United States of America.

_____
UNITED STATES DISTRICT JUDGE