UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ALVIN DEAN BRUTON, SR.,

      Plaintiff,

v.                                 CIV 11-0330 WJ/KBM

UNITED STATES OF AMERICA,

      Defendant.

## ORDER REGARDING PROCEDURES

As presiding District Judge William Johnson noted in his February 14, 2012 , Memorandum Opinion and Order, Plaintiff filed this matter *pro se* when he was incarcerated but he has since been released.  Judge Johnson noted that the only claim to go forward is Plaintiff's tort claim against the United States.  The Court denied all requests to amend and add claims and parties, and dismissed the State of New Mexico.  Though the caption does not reflect the State was dismissed and the United States is the sole remaining defendant on a tort claim, I will ask the Clerk to correct the caption.  *See Doc. 22.*

Judge Johnson stated that Plaintiff's claim against the United States is based on Plaintiff's allegation in his original complaint "that the Albuquerque Veterans Administration Hospital admitted Plaintiff and administered medical treatment that caused him to have seizures."  *Id.* at 2.  The Department of Veterans Affairs denied Plaintiff's administrative tort claim and issued a right to sue letter.  *Id.*

Plaintiff recently filed a motion asking that the Court award him damages per one of the

responses he filed  to Judge Johnson's order.  *See Doc. 31* (citing Doc. 25).   That response states

financial stress,  not the medication, caused Plaintiff's seizure.  The Court will note for the

record, Plaintiff's clarification as to what he believes caused  his seizure.  Nevertheless, it

presently appears  that the hospital admission and the court proceedings intertwined according to

Plaintiff's original complaint.   New Mexico required Plaintiff to post a $1,200.00 bond and,

after the charges were dropped due to Plaintiff's incompetency, the state court ordered the bond

returned.  *See Doc. 1* at 9-11; *Doc. 22,* at 2-3;  *Doc.  25* at 3; *Doc. 31* at 2.

As for Plaintiff's present request for "damages," if by that he means the bond has not

been returned to him, he must take that up with the appropriate State authorities or the bond

company.  From the time Judge Johnson issued his order, no claims are going forward in this suit

against the State and this Court has no authority over the return of the bond.  If Plaintiff is

seeking damages for his pending claim against the United States, his request is premature.

Although summons has issued, the United States' answer is not due for several weeks.  Once the

United States enters the suit, the Court will issue further instructions on how the case will

proceed.  In the meantime, because the docket reflects that Plaintiff submits filings by mail and

does not reflect that he received a pro se packet of materials after he was released from jail, I

will ask the Clerk to send Plaintiff those materials.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's clarification in (Doc. 25) is noted;

2. Plaintiff's request for damages (Doc. 31) is DENIED WITHOUT PREJUDICE;

3. The Clerk correct the caption to reflect that the State of New Mexico was
   dismissed as of the date of Judge Johnson's prior order (Doc. 22);

4.   The Clerk forward Plaintiff any necessary pro se informational materials; and

5.   The Clerk correct the nature of suit, jurisdiction, and cause codes so that the caption accurately reflects that this is a pro se tort claim action for damages against the United States, *see* 28 U.S.C. § 1346.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE