UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ALVIN DEAN BRUTON, SR.,

>   Plaintiff,

v.                                                             CIV 11-0330 WJ/KBM

UNITED STATES OF AMERICA,

>   Defendant.

# ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On July 30, 2012, the Chief Magistrate Judge filed proposed findings that recommend the United States' motion to dismiss be denied, and implicitly granted Plaintiff's motion to amend his response to the motion. *See Doc. 50* at 3, n.1; *see also id.* at 5. She further reminded Plaintiff that certain claims were dismissed and recommends this Court caution him to "refrain from further diatribes" about his discharge from the Army. *Id.* at 5. She finally recommends that this Court

> consider raising the issue of summary judgment sua sponte and directing the parties to show cause why a Rule 706 expert should not be appointed to review the medical records of Plaintiff's treatment at the VA Hospital for a determination of whether the medical care provided deviated from the standard of care. *See* FED. R. EVID. 706 ("on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations.")

Id. at 6.

The proposed findings notify the parties of their ability to file objections and that failure

to do so waives appellate review.  Plaintiff filed a "response" that asserts his prior "wrongful discharge . . . in 1988" is relevant to the instant action because it "contributed to the stress-related injury" that is the subject of this suit.  *See* Doc. 51 at 1-2.  "The stress-related injury manifested (like PTSD) years later and is a new fact, and the claim is not that damages for the wrongful discharge are due, but that wrongful conduct against me has manifested in my physical being 20 years later, injuring me.  This is a different claim."  *Id.* at 2.  He has no objection to the suggested Rule 706 procedure but asks that the review include medical records from his "UNM Doctors (that first perscribed (sic) Kappra)" and his unnamed "local doctor (that had Plaintiff to go back to Kappra and found bipolar to be negitive (sic)," and his unnamed "First Choice Doctor (that for Plaintiff to no use more than 500 mg of Depakote)."  *Id.* at 2-3.  To-date, the United States did not file objections.

     This is a non-prisoner pro se suit where no discovery has been conducted.  A review of the docket entries indicates that, in this particular case, requiring the Court to supervise discovery here would prove highly inefficient and likely cast the Court in a quasi-advocacy role for Plaintiff.  Also, the Court chronically has difficulty in securing pro bono assistance from the local bar for pro se cases, even in those that are destined for trial and raise claims where statutory fees are possible.  District courts do "possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 326 (1986).  Rule 56(f) codifies this authority,[1] but the

---

[1]   **(f) Judgment Independent of the Motion.**  After giving notice and a reasonable time to respond, the court may:

    (1) grant summary judgment for a nonmovant;

    (2) grant the motion on grounds not raised by a party; or

Rule and caselaw do not dispense with the requirement that the Court must provide Plaintiff an adequate opportunity to respond.[2] Thus, even though this case appears well suited for the Court to consider summary judgment sua sponte, the issue of discovery remains a distinct possibility.

In prisoner actions, the Tenth Circuit's *Martinez* Report procedure provides a means for the Court to ascertain whether there is a factual and/or legal basis for an inmate's claims. When the Court invokes that procedure, it requires prison officials to conduct an investigation of the events comprising the claim and to construct what amounts to an administrative record of the investigation, along with any other relevant evidence obtainable by defendant, for the Court's review. *See, e.g., Martinez v. Aaron,* 570 F.2d 317, 319 (10th Cir. 1978); *Breedlove v. Costner,* 405 Fed. App'x 338, 343 (10th Cir. 2010).

The Court agrees with Judge Molzen that the current allegations" are sufficient to

---

> (3) consider summary judgment on its own after identifying for the
> parties material facts that may not be genuinely in dispute.

FED. R. CIV. P. 56(f).

[2]

> Where a party fails to demonstrate at pretrial that a triable issue of fact exists, summary judgment may even be granted *sua sponte. See, e.g., Sommer v. Davis,* 317 F.3d 686, 695–96 (6th Cir.), *cert. denied,* 540 U.S. 824 (2003); *and generally* 10A *Federal Practice and Procedure* § 2720, at 339–45. In this case, the court of appeals noted that although a district court may grant summary judgment sua sponte, it must give the losing party an adequate opportunity to oppose summary judgment. *N. Tex. Prod. Credit Ass'n v. McCurtain Cnty. Nat'l Bank,* 222 F.3d 800, 816 (10th Cir.2000) ("The entry of summary judgment is warranted only when . . . the losing party has had an adequate opportunity to address the issues involved. . . .").

*Blakely v. USAA Cas. Ins. Co.,* Civil No. 2:06–CV–00506 BSJ, 2011 WL 6218212, 15 (D. Utah Dec. 6, 2011); *see also Holmes v. State of Utah,* 483 F.3d 1057, 1067 (10th Cir. 2007) ("a district court has the power to enter summary judgment sua sponte, provided that the losing party was on notice that she had to come forward with all of her evidence") (citing *First Am. Kickapoo Operations, L.L.C. v. Multimedia Games, Inc.,* 412 F.3d 1166 (10th Cir. 2005), which quotes *Celotex*).

preclude dismissal of the tort claim for medical malpractice. . . . the Complaint states a viable cause of action for injuries caused by the alleged negligent administration of the drug Depakote by the VA Hospital staff."). The United States has not yet moved for summary judgment on the basis of evidence presented by way of an administrative record. Nor did this Court's Westlaw research did reveal any decision where the *Martinez* Report procedure has been applied in the non-prisoner context. Thus, the Rule 706 procedure cited by the Magistrate appears to be a viable alternative, albeit more time-consuming and costly than a *Martinez* Report, given the reality that the likelihood of counsel assistance for Plaintiff is practically nil.

Wherefore, having carefully reviewed Plaintiff's "objections" and the entire matter de novo, *see Garcia v. City of Albuquerque,* 232 F.3d 760, 766-67 (10th Cir. 2000),

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. To the extent Plaintiff's objections explain he is not raising a discharge claim but provides why he believes that information is relevant to his present condition as background, rather than an independent claim, see Doc. 50 at 3-4, his "objections" are sustained *(Doc. 51)*;

2. Given Plaintiff's explanation, the Magistrate Judge's Proposed Findings and Recommended Disposition *(Doc. 50)* is ADOPTED AS AMENDED below;

3. Plaintiff's motion to amend his response (Doc. 48) is GRANTED;

4. The United States' motion to dismiss (Doc. 46) is DENIED;

5. Plaintiff shall refrain from diatribes, and explain his positions clearly and succinctly as he did in his "objections;" and

6. In light of the United States' failure to object to the Magistrate's suggested Rule 706 procedure, and since Plaintiff is not likely in a position to submit the name of a suitable nominee, unless the United States notifies the Court within ten days that it will voluntarily assume the obligations of defendants when they are ordered to file a *Martinez* Report, the Court will explore the appointment of a Rule 706 Medical Expert. *See* FED. R. EVID. 706 ("The court may appoint any expert . . . of its own choosing. But the court may only appoint someone who consents to Act.").

_____
UNITED STATES DISTRICT JUDGE