**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ALVIN D. BRUTON, SR.,

    Plaintiff,

    vs.                        No. CIV 11-00330 WPJ/KBM

The UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS**

THIS MATTER comes before the Court upon Defendant's Second Motion to Dismiss **(Doc. 101)**. After reviewing the pleadings on file in this case, the Court finds and concludes that Plaintiff fails to state a claim of medical negligence under New Mexico law. Accordingly, the Court GRANTS Defendant's Second Motion to Dismiss and dismisses this case with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Factual Background**

Plaintiff Alvin D. Bruton, Sr.[1] alleges several claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.* **(Doc. 101)**. All claims relate to Plaintiff's detention and medical care at the Veterans Administration Medical Center (VAMC) in Albuquerque, New Mexico occurred between November, 2008 and January, 2009. Plaintiff's medical malpractice (medical negligence) claim against the staff of VAMC alleges over-medication of certain drugs while he was receiving medical care at the VAMC. **(Doc. 101)**. The claims against all defendants but the United States were previously dismissed. **(Doc. 101)**. U.S. Magistrate Judge

---

[1] Mr. Bruton is a *pro se* plaintiff.

1

Karen B. Molzen allowed the claim against the United States to proceed past Defendant's first Motion to Dismiss **(Doc. 46)**, and recommended the parties identify a medical expert to examine Plaintiff.

Jan Fawcett, M.D. conducted the examination of Plaintiff, finding that the care rendered by VAMC staff was " . . . necessary for [Plaintiff's] safety and well-being, and fully met the standard of medical and psychiatric care." **(Doc. 101)** (quoting **(Doc. 63)**). Dr. Fawcett also stated any symptoms Plaintiff suffered from his medications were non-persistent, within the scope of the medical practice, and that no damage resulted from his treatment or psychiatric management. Id. In response, Plaintiff requested the leave of the court to obtain an expert witness of his own**. (Doc. 89)**. However, on May 10, 2013 he stated that he is unable to obtain an expert medical witness and will not be presenting expert medical testimony at trial. **(Doc. 99)**; **(Doc. 101)**. Defendant now moves to dismiss the case stating the court lacks subject matter jurisdiction under the FTCA because Plaintiff fails to state a claim under the laws of New Mexico. **(Doc. 101)**.

## Legal Standards

**This Motion is Properly Heard as a Motion to Dismiss under 12(b)(6)**

The FTCA only grants a district court subject matter jurisdiction if a plaintiff states a claim under the laws of the state where the cause of action occurred. 28 U.S.C. § 1346(b). Therefore, Plaintiff must state a claim for medical negligence under the laws of New Mexico. While Defendant has asserted that the court lacks subject matter jurisdiction, its motion is properly heard as a 12(b)(6) motion to dismiss because the question of the Court's jurisdiction is "intertwined" with the merits of the case. See Sizova v. National Institute of Standards and

Technology, 282 F.3d 1320, 1324-25 (10th Cir. 2002) (stating that the merits of a case are intertwined with the jurisdictional question if subject matter jurisdiction is dependent on the same statute that provides the substantive claim in the case); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995); see also Sizova, 282 F.3d at 1324-25 (stating that when the merits are intertwined with a jurisdictional question any motion to dismiss is properly heard as a 12(b)(6) motion or a motion for summary judgment).

In considering a Rule 12(b)(6) motion to dismiss, the Court reviews Plaintiff's complaint to determine whether it states a claim which is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). While a pleading is not required to plead detailed factual allegations, it must assert more than labels and conclusions. Twombly, 550 U.S. at 555. The Court also recognizes that because Plaintiff's complaint is made without the assistance of counsel, it is entitled to a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) ("A document filed *pro se* is 'to be liberally construed . . . .'").

**Standard for Medical Negligence in the State of New Mexico**

Because this case arises out of the District of New Mexico, this Court looks to the laws of the state of New Mexico to determine what is required to state a claim for medical negligence. The Supreme Court of New Mexico has set forth three elements for medical negligence: Plaintiff must prove 1) Defendant owed him a legal duty; 2) that Defendant breached that duty by failing to conform to the recognized standard of medical practice in the community; and 3) that the breach was the proximate cause of Plaintiff's injuries. Provencio v. Wenrich, 2011-NMSC-36, ¶ 15, 150 N.M. 457, 261 P.3d 10089 (citations omitted).

**The Need for Expert Medical Testimony in the State of New Mexico**

A key issue in this case is Plaintiff's failure to obtain an expert witness, and whether expert testimony is necessary to establish his medical negligence claim. A general rule is that expert medical testimony is needed to establish claims related to "professional services", or those services that the lay person would be unable to adjudge without such testimony. Richter v. Presbyterian Healthcare Servs., 2014-NMCA-56, ¶ 22, 326 P.3d 50, cert. denied, 2014-NMCERT-005. The New Mexico Supreme Court defines professional services as:

> Something more than an act flowing from mere employment or vocation is essential. The act or service must be such as exacts the use or application of special learning or attainments of some kind.... In determining whether a particular act is of a professional nature or a 'professional service' we must look not to the title or character of the party performing the act, but to the act itself.

N.M. Physicians Mut. Liability Co. v. LaMure, 1993-NMSC-48, ¶ 13, 116 N.M. 92, 860 P.2d 734 (citation omitted).

Therefore, the Court must decide whether the services provided by VAMC were professional or merely ordinary. The Court finds that the dispensation of medication is the type of service that requires "special learning or attainment", namely an education in medical or pharmacy school. The proper dosages and side effects of these drugs, as well as the manner in which a physician should dispense these drugs to a patient in need, are not issues a trier of fact can decide without the assistance of expert medical testimony. Therefore, Plaintiff's medical negligence claim is a claim concerning professional medical services and expert medical testimony is required to survive a motion to dismiss.

## Discussion

**Plaintiff Fails to Establish His Medical Negligence Claim under New Mexico Law**

Despite being afforded ample time to obtain an expert medical witness to substantiate the claim of medical negligence, Plaintiff has not and will not have an expert medical witness to testify at trial.  Consequently, Plaintiff's medical negligence claims fails under New Mexico law without expert medical testimony to substantiate any medical negligence and thus, a trier of fact cannot properly determine whether the VAMC staff was negligent. See Gerety, 589 P.2d at 195 (granting judgment in favor of a doctor where Plaintiff failed to provide expert medical testimony to a jury); see also Richter, 623 P.2d at 63-64, 67 (affirming the partial directed verdict for a physician where plaintiff failed to present expert medical testimony establishing the physician's negligence).

Plaintiff's complaint sets forth conclusory allegations in asserting that the staff of VAMC over-medicated him during his time at the hospital. Without the support of expert testimony, Plaintiff simply cannot establish that any medical negligence occurred. The mere labels and conclusions asserted in the complaint **(Doc. 1)** are exactly the type of bare assertions that the Supreme Court has expressly found to be deficient in the context of civil pleadings. See Twombly, 550 U.S. at 555 (stating that a complaint must assert more than labels and conclusions). Even after applying the liberal construction afforded to *pro se* plaintiffs, the Court still cannot allow this claim to survive a motion to dismiss without the expert medical testimony required to state a medical negligence claim under New Mexico law.  Since Plaintiff fails to state a medical negligence claim under New Mexico law, there is no subject matter jurisdiction for this case to proceed under the FTCA.

Accordingly, for the above-stated reasons, Defendant's Second Motion to Dismiss **(Doc. 101)** is hereby GRANTED and this case is hereby DISMISSED WITH PREJUDICE. A Rule 58 Judgment shall issue.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE