## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

ALVIN D. BRUTON, SR.,

       Plaintiff,

vs.                          No. CIV 11-00330 WPJ/KBM

UNITED STATES OF AMERICA,

       Defendant.

### MEMORANDUM OPINION AND ORDER
### DENYING PLAINTIFF'S MOTION TO RE-OPEN CASE

THIS MATTER comes before the Court upon Plaintiff's Motion to Re-Open Case and/or That of a Higher Court [sic], filed August 27, 2015 (**Doc. 115**).  Plaintiff is proceeding *pro se* and *in forma paueris*.  Having reviewed the parties' pleadings and the applicable law, the Court finds that  Plaintiff's motion is not well-taken and, therefore, is denied.

### BACKGROUND

Plaintiff filed this case in April 2011 as a prisoner civil rights complaint against the State of New Mexico and the United States of America.  He alleges medical negligence based on care he received at the Veterans Administration Medical Center ("VAMC") in Albuquerque, New Mexico and challenges his 1988 "involuntary" military discharge as unlawful.

**I.**     **District Court Proceedings**

All of Plaintiff's claims have been previously addressed by this Court.  Specifically, this Court found that Plaintiff's claims related to his "involuntary" discharge from the Army over 20 years ago had been previously litigated, and dismissed those claims as barred by the doctrine of

res judicata.  *See* Doc. 50, 52.[1]   The Court also found that these claims were not relevant to

Plaintiff's surviving claim for medical malpractice under the Federal Tort Claims Act, 28 U.S.C.

§1346(b) ("FTCA").  Doc. 50 at 6.  On September 16, 2015, the Court granted Defendant's

motion to dismiss the medical negligence claim under Rule 12(b)(6) because Plaintiff never

disclosed a medical expert and as such could not state a claim of medical negligence under New

Mexico law.  Doc. 105.  The Court concluded that as a result of Plaintiff's failure to state a claim

under New Mexico law, there was no jurisdiction over the claim and dismissed the case with

prejudice.  *Id.* at 6.  A final judgment was entered on July 2, 2014. Doc. 106.

At that point, given the nature of the dismissal with prejudice, Plaintiff was precluded

from re-filing his lawsuit or otherwise re-litigating any additional issues.  *See Federated Dept.*

*Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981); *Pope v. Secretary for Dep't. of Corrections*, 680

F.3d 1271, 1285-86 (11th Cir. 2012) (a dismissal for failure to state a claim pursuant to Rule

12(b)(6) is deemed to be a ruling on the merits, and once final, is accorded full res judicata

effect).

Plaintiff then filed a motion for reconsideration and/or appeal to the Tenth Circuit Court

of Appeals, which the district court construed as a notice of appeal and forwarded the record on

appeal to the Tenth Circuit.  Docs. 107 and 108.   Once Plaintiff took his appeal, jurisdiction over

the case passed from the district court to the Tenth Circuit Court of Appeals.  *See Griggs v.*

*Provident Consumer Discount Co.*, 459 U.S. 56, 58(1982) (noting that the notice of appeal is an

event of jurisdictional significance, conferring jurisdiction to the Court of Appeals and divesting

the District Court of control over those aspects of the litigation involved in the appeal).

Plaintiff's appeal to the Tenth Circuit terminated this Court's jurisdiction over this case.

---

[1]   Docs. 50 and 52 are the Proposed Findings and Recommended Disposition on Defendant's Motion to Dismiss and the Court's Order Adopting those findings, respectively.

## II.    Proceedings on Appeal to Tenth Circuit Court of Appeals

The Tenth Circuit considered the parties' briefs and affirmed the district court's dismissal of Plaintiff's lawsuit, noting that Plaintiff failed to identify any defects in the district court's rulings:

> In his briefing before us Mr. Bruton doesn't directly address the district court's ruling, let alone identify any defect in it. While this court takes seriously its obligation to construe liberally pro se filings like Mr. Bruton's, it will not invent arguments for reversal that a litigant does not ever even touch upon. . . .
>
> *See Bruton, Sr. v. United States of America,* No. 14-2127, Order & Judgment (Dec. 12,

2014) (Doc. 114-1 at 1-2).  The Court of Appeals declined to "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Id.* at 2 (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).

## III.    Plaintiff's Motion to Reopen

Plaintiff now seeks to reopen his case.  However, he provides no discernible basis for reopening his case under any of the provisions set forth under Fed.R.Civ.P.60(b), including the catch-all provision of Rule 60(b)(6) which permits relief from a judgment or order for "any other reason that justifies relief."[2]

As Defendants note, Plaintiff has had his full day in court on all of his claims, and is barred by issue preclusion or collateral estoppel from re-litigating matters that have all been resolved in a previous litigation.  *Mountain Highlands, LLC v. Hendricks,* 2008 WL 6020730 *13 (D.N.M.); *see also City of Sunland Park v. Macias,* 134 N.M. 216, 75 P.2d 816 (Ct. App. 2003) (setting out requirements for collateral estoppel), *cert. denied,* 134 N.M. 179, 74 P.3d 1071 (2003).  Plaintiff gives no reason why the preclusion doctrine does not apply in this case,

---

[2] While Plaintiff does not specifically rely on Rule 60(b), the Court construes the motion as requesting relief under that rule since the motion was filed more than ten days after the entry of judgment.  *See U.S.A. v. Dryden,* unpubl. Opin., 1998 WL 458295, *1 (D.Kan.) (motion filed more than ten days after the entry of judgment is considered a motion seeking relief from the judgment under  Fed.R.Civ.Pro. 60(b)).

nor can the Court fathom a reason why Plaintiff should not be barred from relitigating claims which have run the full course of a lawsuit and appeal.

Accordingly, Plaintiff's motion is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE